IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:20-cv-01631-CNS-STV

LAUREN NOFSINGER and KAREN NOFSINGER,

    Plaintiffs,

v.

ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, an Illinois Foreign corporation, doing business in the State of Colorado,

    Defendant.

---

## ORDER

---

Before the Court is Defendant's Motion for Summary Judgment. (ECF No. 22). The Court GRANTS the motion for the following reasons.

### I. FACTS

On April 4, 2017, Plaintiffs were injured in an automobile accident caused by underinsured motorist Lorie Ponce, who was insured by American Family Insurance and had a policy limit of $25,000. (ECF No. 3, p. 3; ECF No. 25, p. 3). Plaintiffs settled their bodily injury claims with American Family Insurance for Ponce's policy limits in September 2018 and May 2019. (ECF No. 25, p. 3; ECF No. 22-2; ECF No. 22-3). At the time of the accident, Plaintiffs had an Allstate auto-insurance policy (Policy No. 987 721 123). (ECF No. 22-1, p. 7). The policy states:

> No one may bring an action against us in any way related to the existence or amount of coverage, or the amount of loss for which coverage is sought, under Uninsured Motorists Insurance, unless there is full compliance with all policy terms and,

1

> except as provided below, such action is commenced within two years after the date of the accident.

(ECF 22-1, pp. 35-36).  The policy also requires that "[a]n insured person must cooperate with us in the investigation, settlement and defense of any claim or lawsuit."  (*Id*., pp. 20-21).

On May 1, 2017, Plaintiffs' counsel submitted a letter of representation.  (ECF No. 22-4).  On May 2, 2017, Defendant, via an adjuster, put counsel on notice of the policy provision requiring full compliance.  (ECF No. 22-5).  On May 9, 2017, the adjuster notified counsel that it had received Plaintiffs' Underinsured Motorist claims and requested that Plaintiffs sign and return a medical authorization and identify all treating providers.  (ECF No. 22-6, pp. 1-4).  Between May 9, 2017, and December 14, 2017, the adjuster made eight written requests for Plaintiffs to return the medical authorizations and lists of treating providers.  (*See* ECF Nos. 22-6; 22-7; 22-8; 22-9; 22-11; 22-12; 22-13; 22-14).  Defendant states, and Plaintiffs do not contest, that the medical authorization was not signed and returned.  (ECF No. 22, p 7).

Between January 4, 2018, to July 24, 2018, the adjuster continued contacting Plaintiffs' counsel asking for information about the injuries and medical treatment.  (*See* ECF Nos. 22-15; 22-16; 22-17; 22-18; 22-19).  On October 22, 2019, Plaintiffs' counsel submitted a demand letter with documentation.  (ECF No. 20).  Plaintiffs concede that they failed to provide Allstate with the requested authorizations for medical records.  (ECF No. 25, p. 3).  On January 15, 2020, the adjuster reviewed the information provided and evaluated the claims.  (ECF No. 22-21).  From January 15, 2020, to May 6, 2020, the adjuster contacted Plaintiffs' counsel multiple times regarding the evaluation of the claims and to discuss issues regarding a Medicare lien.  (ECF Nos. 22-21; 22-22; 22-23; 22-24; 22-25).  It appears from the record that Plaintiffs never responded to Defendant's requests to discuss these issues and resolve them.  (ECF No. 26, p. 10).

Settlement negotiations failed and Plaintiffs filed their Complaint in Weld County District Court on March 26, 2020. (ECF No. 1). Defendant removed the case to the U.S. District Court of Colorado on June 5, 2020. (*Id.*). In the Complaint, Plaintiffs alleged (1) two claims of unreasonable delay or denial of underinsured motorist (UIM) benefits in violation of Colorado Revised Statute §§ 10-3-1115 and -1116 and (2) two claims of breach of contract for failure to pay for damages suffered because of the April 2017 accident. (ECF No. 3). Defendant raised several affirmative and additional defenses and, specifically, argued that Plaintiffs failed to cooperate by neither providing Defendant with records and authorizations nor complying with all Policy provisions. (ECF No. 10, pp. 12-13).

In the instant motion, Defendant moves for summary judgment on Plaintiffs' claims arguing that (1) Plaintiffs' failure to cooperate with its requests for medical authorization vitiates coverage and a right to recovery; (2) Plaintiffs lack any evidence that Defendant delayed or denied UIM benefits without a reasonable basis; and (3) Defendant's delay in payment was reasonable. (ECF No. 22).

## II.  LEGAL STANDARD

Summary judgment is warranted when (1) the movant shows that there is no genuine dispute as to any material fact and (2) the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The factual record and reasonable inferences must be construed in the light most favorable to the nonmoving party. *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006). The moving party bears the initial burden, but once met, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 256 (1986). Ultimately, the Court's inquiry on summary judgment is whether

the facts and evidence identified by the parties present "a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52. "[Q]uestions of intent, which involve intangible factors including witness creditability, are matters for consideration of the fact finder after a full trial." *Prochaska v. Marcoux*, 632 F.2d 848, 851 (10th Cir. 1980).

### III.  ANALYSIS

#### A.  Breach of Contract

In Colorado, an insured may forfeit rights under an insurance policy if he violates a policy provision or fails to cooperate, and said action materially and substantially disadvantaged the insurer. *Soicher v. State Farm Mut. Auto. Ins. Co.*, 351 P.3d 559, 564 (Colo. App. 2015). To assert this affirmative defense, Defendant must establish: "(1) the insured fails to cooperate with the insurer in some material and substantial respect; and (2) this failure to cooperate materially and substantially disadvantaged the insurer." *Hall v. Allstate Fire & Cas. Ins. Co.*, 20 F.4th 1319, 1323 (10th Cir. 2021) (internal quotations and citation omitted). While the issue of whether the insured violated the insurance policy due to noncooperation is typically a question of fact, if "the record can produce no other result, [the Court] may determine the issue of non-cooperation as a matter of law." *Hansen v. Barmore*, 779 P.2d 1360, 1364 (Colo. App. 1989).

Plaintiffs, citing *Pacheco v. Shelter Mut. Ins. Co.*, 583 F.3d 735 (10th Cir. 2009), argue that an insurance policy provision that attempts to limit or condition policy coverage is void and invalid because it violates public policy. However, Plaintiffs' reliance on *Pacheco* is misplaced. In *Pacheco*, the Tenth Circuit held that where the state law definition of "insured person" included relatives of the insured who resided in the same household, policy language that attempted to

4

exclude said relatives from UIM coverage violated state law and was void. *Id.* at 740. This case, however, confronts a failure to cooperate and is on point with *Hall*. *Hall*, 20 F.4th at 1323. In *Hall*, the Tenth Circuit upheld the Colorado common law revoking the right to recover under the policy when the insured violates a policy provision and fails to cooperate materially and substantially with the insurer. *Id.*; *see Farmers Auto. Inter-Ins. Exch. v. Konugres*, 202 P.2d 959, 963 (Colo. 1949). The Court, therefore, does not find that Defendant's motion for summary judgment based on this precedent violates public policy.

Plaintiffs further argue that (1) their failure to provide medical authorizations did not vitiate Defendant's contractual duties; and (2) the failure to provide medical authorization was cured on October 22, 2019, when counsel sent the demand letter and supporting documentation. (ECF No. 25). Plaintiffs contend that the October 2019 demand letter contained "a detailed itemization of every medical appointment, the date thereof, the provider, the treatment provided, and the billed expense related thereto . . . [and] the relevant medical record or report and the billing record related thereto." (ECF No. 25, pp. 3-4). However, Plaintiffs do not contest the undisputed facts identified by Defendant, which detail Plaintiffs' non-responsiveness between May 9, 2017, to October 22, 2019. They are, therefore, conceded. Moreover, Plaintiffs do not explain why they never responded or provided information to Defendant regarding the Medicare lien, except to state that Defendant's argument that it could not assess Medicare's interest in Plaintiffs' claims without such information is not credible. (*Id.*, p. 7).

The conclusion that the Court draws from the record and undisputed facts is that Plaintiffs failed to cooperate with Defendant. The purpose of the cooperation clause in the Policy is to "protect the insurer in its defense of claims by obligating the insured not to take any action

intentionally and deliberately that would have a substantial, adverse effect on the insurer's defense, settlement, or other handling of the claim." *State Farm Mut. Auto. Ins. Co. v. Secrist*, 33 P.3d 1272, 1275 (Colo. App. 2001). After Plaintiffs sent the demand letter and supporting documents, Defendant still needed further information about the Medicare lien and attempted to follow up with Plaintiffs' counsel on numerous occasions. Plaintiffs' counsel neither responded to these communications nor supplemented the supporting documents for Defendant and instead filed this civil action.

The Court also finds that Plaintiffs' actions materially and substantially disadvantaged Defendant. To determine if Defendant was prejudiced, the Court examines whether "the insured's refusal to cooperate prevents the insurer from completing such a reasonable investigation" and whether that places the insurer in the "untenable position of either denying coverage or paying the claim without the means to investigate its validity." *Walker v. State Farm Fire & Cas. Co.*, No. 16-CV-00118-PAB-STV, 2017 WL 1386341, at *4 (D. Colo. Feb. 23, 2017) (citation omitted); *see also Valentine v. State Farm Mut. Auto. Ins. Co.*, 105 F. Supp. 3d 1176, 1183 (D. Nev. 2015) ("It is absurd to think that an insured who fails to provide her insurer with medical information critical to a full and fair investigation of the insured's claim should then be able to sue the insurer for refusing to pay on that same claim."). Here, even if the Court assumes that Plaintiffs' submission of medical records cured the violation of the Policy provisions, Plaintiffs still failed to communicate with Defendant about the Medicare lien. Due to this lack of communication, Defendant was left in the position of having to pay the claim without any information regarding the amount Medicare paid and the amount of reimbursement that Medicare was entitled to. (ECF

No. 22, p. 18). Accordingly, the Court finds that Defendant is entitled to summary judgment on the breach of contract claims.

### B. Unreasonable Delay and Bad Faith

The Court also determines that summary judgment is proper on Plaintiffs' claims of unreasonable delay and bad faith under Colorado Revised Statute §§ 10-3-1115 and -1116. "It is settled law in Colorado that a bad faith claim must fail if, as is the case here, coverage was properly denied and the plaintiff's only claimed damages flowed from the denial of coverage." *MarkWest Hydrocarbon, Inc. v. Liberty Mut. Ins. Co.*, 558 F.3d 1184, 1193 (10th Cir. 2009); *see also Ayala v. State Farm Fire & Cas. Co.*, No. 20-CV-03573-PAB-NRN, 2022 WL 4299952, at *7 (D. Colo. Sept. 16, 2022) ("Because plaintiff failed to cooperate with defendant before he filed this lawsuit, *Hall* forecloses plaintiff's breach-of-contract claim, which is also fatal to plaintiff's bad-faith claims."). Because this Court does not find that Defendant breached the Policy with Plaintiffs, Defendant is also entitled to summary judgment on the unreasonable delay and bad faith claims.

### IV.  CONCLUSION

Accordingly, Defendant's Motion for Summary Judgment is GRANTED. (ECF No. 22). Judgment will enter in favor of Defendant.

DATED this 28th day of September 2022.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge